*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

<u>**ENTRY ORDER**</u>

SUPREME COURT DOCKET NO. 2011-024

DECEMBER TERM, 2011

James Hicks                                          }   APPEALED FROM:
                                          }
                                          }   Superior Court, Washington Unit,
     v.                                             }   Civil Division
                                          }
                                          }
Robert Hofmann                                  }   DOCKET NO. 7-1-09 Wncv

                                              Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals from a judgment of the superior court, civil division, affirming his conviction of a prison disciplinary rule. Plaintiff contends: (1) the disciplinary charge failed to provide adequate notice and opportunity to defend, in violation of his right to due process; and (2) the evidence was insufficient to support the conviction. We affirm.

In October 2008, an inmate disciplinary report charged that plaintiff—then incarcerated in a prison facility in Kentucky—had violated "A01E, [p]hysically attacking another person with the use of an object," a major violation. The disciplinary rule in question makes it an offense to commit an "[a]ssault, [by] physically attacking another person with or without the use of an object or substance." A confidential informant had alleged that plaintiff used a pen during the alleged assault. Based on his viewing of a security videotape, the investigating officer testified at the disciplinary hearing that plaintiff grabbed another inmate and during the ensuing struggle made a "stabbing" motion toward the inmate's back, but the officer acknowledged that he could not see a weapon in plaintiff's hand. The hearing officer found a violation based on the video and plaintiff's admission that he had confronted the other inmate.

Plaintiff filed a V.R.C.P. 75 complaint alleging several due process violations, including claims that the investigating officer failed to interview key witnesses and the hearing officer was biased and unprofessional. The trial court denied the State's subsequent motion to dismiss, rejecting its assertion that plaintiff lacked a sufficient liberty interest to state a due process violation. With the benefit of appointed counsel, plaintiff then filed an amended complaint alleging that the evidence failed to show that he used a weapon or made any physical contact with the other inmate during the alleged assault.

Plaintiff thereafter moved for summary judgment based solely on the ground that the evidence did "not support a finding that [plaintiff] committed an A01E assault." More specifically, plaintiff alleged that there was "no evidence for the hearing officer or the court to conclude that there was an object involved in the incident." The State opposed the motion and

filed a cross-motion for summary judgment, asserting that the evidence was sufficient to show an assault with the use of a weapon, and even if not that the evidence was sufficient to show a violation of the disciplinary rule, which punished assaults "with or without the use of an object or substance."

Following a hearing, the trial court issued a written ruling. Based on its viewing of the videotape, the court found that plaintiff had approached another inmate, used his hands to push and grab him, and struck him several times on the head and neck. While acknowledging that the tape was not entirely clear, the court found that plaintiff's hand appeared to be empty and that he struck with a fist not a weapon. Regardless, however, the court noted that use of a weapon was not essential for a violation of the disciplinary rule in question, and that there was substantial evidence of a physical assault by plaintiff against the other inmate. Accordingly, the court granted the State's motion for summary judgment, and denied plaintiff's. This appeal followed.

Plaintiff contends that his due process rights to notice and an opportunity to defend were violated because the disciplinary charge alleged the use of a weapon and the trial court found a violation based on the absence of one. This argument was not raised in either plaintiff's original or amended complaint, his motion summary judgment, or the hearing on the motion, and therefore was not properly preserved for review on appeal. See State v. Mumley, 2009 VT 48, ¶ 18, 186 Vt. 52 ("This Court has long held that issues not presented at trial may not be raised on appeal."). Nor does plaintiff assert that the alleged violations constituted plain error. We note, however, that reversal on this basis requires a violation that "affect[s] substantial rights and results in prejudice to the defendant," State v.Yoh, 2006 VT 49A, ¶ 39, 180 Vt. 317, and plaintiff has not shown how the allegation that he used an object during the assault prevented him from defending adequately against the disciplinary charge.

Plaintiff also renews his claim that the evidence was insufficient to show that he committed the assault with the use of a weapon. He does not, however, contest the court's finding that he committed an assault with his fists, and that this was sufficient to violate the rule. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

2